[Crim. No. 3700.   Second Dist., Div. One.   June 16, 1943.]

THE PEOPLE, Respondent, v. MORRIS GREEN, Appellant.

A. Brigham Rose for Appellant.

Robert W. Kenny, Attorney General, and Gilbert F. Nelson, Deputy Attorney General, for Respondent.

DORAN, J.—Appellant was charged by information with the violation of subdivision 2 of section 337a of the Penal Code and in a second count with the violation of subdivision 4 of said section. A jury having been duly waived defendant was tried and adjudged guilty of the offense alleged in count 2 and not guilty as to count one. The appeal is from the judgment.

Count two alleges that said defendant did, on or about a certain date, "record and register a bet and bets and a wager and wagers upon the result and purported result of a trial and purported trial and contest of speed and power of endurance between beasts, to-wit, horses."

It is contended by appellant that the evidence is insufficient

to support the judgment; that the court erred in admitting certain alleged hearsay evidence and that certain testimony of an officer was erroneously admitted.

Briefly, the record reveals that two officers entered the apartment of defendant unexpectedly and found defendant seated at a table upon which were certain documents and papers assertedly used routinely by bookmakers; that upon certain of said documents were found pencil notations; that a telephone was on the table; that the officers remained there for about forty-five minutes, during which period one of the officers answered the phone several times; that defendant had occupied the apartment two days and that upon his arrest he admitted to the arresting officers that he had been taking bets.

There is no merit to either of the first and third contentions. ■ As to the sufficiency of the evidence, one of the two arresting officers was called as a witness for defendant and if there were any doubt as to the sufficiency of the evidence to support the judgment it is effectively removed by the evidence elicited from this witness.

■ The testimony of the officer, which appellant argues was erroneously received, has to do with an explanation by one of the officers of the markings and pencil memoranda heretofore mentioned. The question as to the qualification of an expert is addressed to the judgment and discretion of the trial judge and there is nothing in the record on appeal herein to warrant any concern over the trial court's judgment in that regard.

■ Appellant's contention that evidence of certain telephone conversations was hearsay is not without merit. One of the officers testified to declarations or statements made by third parties who phoned defendant's apartment after defendant's arrest and during the forty-five minutes the officers remained there. There were seven phone calls in all; the parties were not identified. Only one of the calls purported to relate directly to the offense alleged. It was the fifth call and was as follows: "Hello, Morris? Five more to win on Iron Hill; I gave you ten before, didn't I? O.K." Assuming, but not deciding, that such evidence was hearsay, nevertheless an examination of the entire cause does not justify the opinion that the errors complained of have resulted in a miscarriage of justice.

For the foregoing reasons the judgment is affirmed.

York, P. J., and White, J., concurred.